**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
www.usdoj.gov/usao/or

Thomas S. Ratcliffe
Assistant U.S. Attorney
Thomas.Ratcliffe@usdoj.gov
(503) 727-1069
*Reply to Portland Office*



**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Billy J. Williams, United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

July 19, 2017

Ellen C. Pitcher
Attorney at Law
0324 SW Abernethy Street
Portland, OR 97239

    Re:   *United States v. Brooke Phillips,* Case No. 3:16-CR-00328-HZ
          Plea Agreement Letter

Dear Ms. Pitcher:

**1.**    **Parties/Scope**: This plea agreement is between the United States Attorney's Offices for the District of Oregon and the Districts of Guam and the Northern Mariana Islands (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

**2.**    **Charges**: Defendant agrees to enter a plea of guilty to Count 6 of the Indictment, charging Wire Fraud, in violation of 18 U.S.C. § 1343.

**3.**    **Penalties:** The maximum sentence for a violation of 18 U.S.C. § 1343 is twenty (20) years of imprisonment, a fine of up to $250,000, three (3) years of supervised release, and a $100 mandatory special fee assessment. Defendant agrees to pay the $100 fee assessment to the Clerk of Court for the District of Oregon at or before sentencing, and to provide a receipt from the Clerk to the United States immediately after sentencing as proof of payment. In addition, defendant will be subject to an order of restitution in this case.

**4.**    **No Prosecution/Dismissal**: The USAO agrees not to bring additional charges against defendant in either the District of Oregon or the Districts of Guam and the Northern Mariana Islands arising out of this investigation, known to the USAO at the time of this agreement. At the time of sentencing, the USAO agrees to move to dismiss all counts of the Indictment filed in the Districts of Guam and the Northern Mariana Islands (CR 16-00005), except for Count 6.

**5.**    **Elements of the Offense:** The parties agree that in order to convict defendant of Wire Fraud, in violation of 18 U.S.C. § 1343, the USAO would have to prove the following elements beyond a reasonable doubt:

Ellen C. Pitcher
Page 2
July 19, 2017

_____

    A.    The defendant willfully participated in a scheme or plan to defraud, or a scheme or plan to obtain money or property by means of false or fraudulent pretenses, representations or promises, with knowledge of its fraudulent nature;

    B.    The defendant acted with the intent to defraud; and

    C.    In advancing, furthering, or carrying out the scheme, defendant transmitted any writing, signal, or sound by means of a wire, radio, or television communication in interstate commerce, or caused the transmission of any writing, signal, or sound of some kind by means of a wire, radio, or television communication in interstate commerce.

**6.    Sentencing Guideline Calculations:** The parties agree that the Court must first determine the applicable advisory guideline range, and then determine a reasonable sentence considering that range and the factors listed in Title 18, United States Code, Section 3553(a). The parties agree to recommend that the Court adopt the following guidelines calculations:

    A.    Pursuant to U.S.S.G. § 2B1.1(a)(1), the base offense level is **7**;

    B.    Pursuant to U.S.S.G. § 2B1.1(b)(1)(D), there is a six (6) level increase for a loss in excess of $40,000.00;

    C.    No other specific offense characteristics, increases, or upward adjustments apply.

    D.    Based on the foregoing, the offense level is **13**.

The parties believe defendant's criminal history will be Criminal History Category **VI**. However, defendant understands this is an estimate only and that ultimately defendant's Criminal History Category will be determined by the Court after review of the Presentence Investigation Report (PSR). The parties have made no agreement, and make no representations, as to the Criminal History Category, which shall be determined after the PSR is completed.

**6.    Acceptance of Responsibility:** Defendant must demonstrate to the Court that [she] fully admits and accepts responsibility under U.S.S.G. § 3E1.1 for her unlawful conduct in this case. If defendant does so, the USAO will recommend a two-level reduction in defendant's offense level. The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in U.S.S.G. § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in U.S.S.G. § 3E1.1.

**7.    Departures/Variances:** The USAO agrees not to seek any upward departures or variances. Defendant is free to seek any downward departure or variance. The USAO reserves its right to oppose any downward departure or variance.

Ellen C. Pitcher
Page 3
July 19, 2017

---

**8.    Recommendation/Low End Range**: The USAO agrees to recommend that the Court impose a sentence at the low end of the applicable sentencing guideline range.

**9.    Supervised Release**: If the Court imposes a term of imprisonment, the parties agree to recommend that a three-year term of supervised release be imposed to include the following special conditions, in addition to the standard conditions of supervised release: (1) defendant shall meaningfully participate in, and complete any substance-abuse testing and treatment as directed by the Probation Officer; (2) defendant shall provide current financial information, provide copies of her Federal income tax returns, and allow credit checks, at the direction of the Probation Officer; (3) defendant shall disclose all assets and liabilities to the Probation Officer, and shall not transfer, sell, give away, or otherwise convey or secret any asset valued at $500 or more, without the advance approval of the Probation Officer; and (4) defendant shall be prohibited from incurring any new debt, opening new lines of credit, or entering any financial contracts or obligations without the prior approval of the Probation Officer.

**10.    Restitution**: Defendant stipulates and agrees to an order of mandatory restitution in the amount of $47,029.08, to be paid jointly and severally with other defendants in monthly installments in an amount to be determined by the Court.

**11.    Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory sentencing guideline range. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction and sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2).

**12.    Rule 20 Transfer**: The parties acknowledge that this Plea Agreement is contingent on defendant's prior agreement to transfer under Rule 20 of the Federal Rules of Criminal Procedure. Defendant previously stated in writing that she wished to plead guilty and to waive trial in the Districts of Guam and the Northern Mariana Islands. Defendant further agreed, in writing, that defendant consented to having the District of Oregon handle the case for purposes of pleading guilty and for sentencing.

**13.    Effect on Immigration Status**: Defendant recognizes that pleading guilty may have consequences with respect to defendant's immigration status if defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses. Defendant understands that defendant's removal and other immigration consequences may be the subject of a separate proceeding. Defendant agrees that defendant's attorney has advised defendant of

x

Ellen C. Pitcher
Page 4
July 19, 2017

---

the potential immigration consequences of his plea and conviction, and defendant still wants to plead guilty.

**14.    Court Not Bound:** The Court is not bound by the recommendations of the parties or of the PSR writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

**15.    Full Disclosure/Reservation of Rights:** The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

**16.    Breach of Plea Agreement:** If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

///

///

///

///

///

///

///

///

///

///

///

///

///

Ellen C. Pitcher
Page 5
July 19, 2017

_____

**17.    Memorialization of Agreement**: No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

**18.    Deadline**: This plea offer expires if not accepted by July 24, 2017 at 4:00 p.m.

Sincerely,

BILLY J. WILLIAMS
United States Attorney

THOMAS S. RATCLIFFE
Assistant United States Attorney

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

7/22/17
Date

Brooke K. Phillips, Defendant

I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

7/22/17
Date

Ellen C. Pitcher, Attorney for Defendant