Ellen Pitcher, OSB # 814454
Attorney at Law
6312 SW Capitol Hwy, Suite 187
Portland, Oregon  97239
(503) 245-2494 Telephone
ellenpitcherlaw@yahoo.com

Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>BROOKE K. PHILLIPS,<br><br>　　　　　　　　Defendant | No. 3:16-00328-001-HZ<br><br>DEFENDANT'S SENTENCING MEMORANDUM |

## INTRODUCTION

Brooke K. Phillips will appear before the Court on November 27, 2017, for sentencing on Count 6 of the Indictment, Wire Fraud.  On July 6, 2017, Ms. Phillips pled guilty to Count 6 pursuant to a plea agreement which anticipates that Counts 1 through 5, the other counts naming Ms. Phillips, will be dismissed at sentencing.  The

Page 1    DEFENDANT'S SENTENCING MEMORANDUM

government has agreed to recommend the low end of the applicable advisory guideline range. The Presentence Report calculates that range to be 27 to 33 months.

For reasons stated in this Memorandum, and in consideration of additional mitigation set forth in the Final Presentence Report and supplemental materials submitted separately on her behalf, the defense requests that Ms. Phillips be sentenced to a term of 18 months, to be followed by a three year period of supervision, with conditions setting forth, among other requirements, a rehabilitative plan to assist her in becoming a productive and law abiding citizen. This sentence is permissible under the controlling statutes and guidelines, and supported by application of the sentencing considerations set forth in 18 U.S.C. § 3553(a), in particular the Court's charge to impose a sentence that is "sufficient, but not greater than necessary" under the circumstances of the case.

## BACKGROUND

Ms. Phillips and two other defendants, Larry Tagabuel and Kenatis Alafanso, were indicted on May 5, 2016, on multiple counts of fraud stemming from unindicted co-conspirator Brian Hao's scheme to print counterfeit Bank of Guam tax rebate checks from the Northern Mariana Islands (CNMI). Because all three of the indicted defendants were arrested in the Northwest, the case was transferred to the District of Oregon under Fed.R. Crim. Pro 20. With the exception of the checks being written on

the Bank of Guam account for the CNMI, none of the relevant conduct took place in the Mariana Islands.

The relevant conduct for the defendants in this case is set forth in the PSR ¶¶23-44. Both Mr. Tagabuel and Ms. Alafanso have been sentenced. Mr. Tagabuel, who, according to the PSR, ¶35, was responsible for a $36,837.78 loss, was sentenced to 6 months imprisonment. Ms. Alafanso, according to the PSR, ¶ 41, was responsible for $14,311.19, was sentenced to probation. Both defendants were in Criminal History Category I.

Defendant Phillips accepted responsibility for a $47,029.08 loss, the amount of the checks which she cashed for Brian Hao.[1] The Presentence Report sets forth Ms. Phillip's extensive record of property crimes, although the amount of loss in this case exceeds the sum total of all her previous wrongdoing. The PSR has placed Ms. Phillips in Criminal History Category VI, based on 20 criminal history points. As discussed below, and as set forth in Defendant's November 1, 2017, objection letter, this Court should grant Ms. Phillips a one level downward departure pursuant to U.S.S.G. § 4A1.3(b), for Over-Representative Criminal History.

---

[1] The PSR, ¶ 44, indicates that Ms. Phillips claimed the checks were payment for controlled substances, but only a portion of each check was actually for that purpose. The rest was compensation for cashing the checks.

Page 3   DEFENDANT'S SENTENCING MEMORANDUM

## DISCUSSION

Part B of the Presentence Report, The Defendant's Criminal History, concludes that Ms. Phillips has 20 criminal history points, and therefore falls in Criminal History Category VI.  However, 15 of the 20 points of Ms. Phillips' criminal history, as set forth in ¶¶ 73-77, are from offenses which occurred in a seven month period from February to November, 2007, and to which Ms. Phillips was sentenced to concurrent sentences of 43 months.  The relevant conduct reported totals less than $2,000.

The addendum to the Presentence Report correctly notes that, as there were intervening arrests between each offense, it is correct to count them separately.  The Guidelines provide under §4A1.3(b), however, for a downward departure "(I)f reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history…".

To the extent that information is available, each of these offenses is a low level property offense.   To allot 15 points for these concurrent sentences, which by themselves would place Ms. Phillips in the most serious criminal history category, is clearly over-representative of the seriousness of her criminal conduct.  A one level downward departure, to Criminal History Category V, is therefore appropriate.  Such an adjustment would result in a sentencing range of 24-30 months.

## CONCLUSION

As set forth in the Presentence Report and the attached psychological evaluation of Ms. Phillips, and as discussed in the defendant's supplement to the PSR, filed separately, the defense urges the Court to grant Ms. Phillips a one level downward departure for over-representative criminal history. In addition, the defense urges the Court to allow an additional one level downward departure based on Ms. Phillips history and circumstances, and impose a sentence of 18 months, to be followed by a three year period of supervision with the conditions recommended in the Presentence Report and a treatment plan as outlined in Dr. Grounds' psychological evaluation.

Respectfully submitted on November 22, 2017.

*Ellen C. Pitcher*_____
ELLEN C. PITCHER
Attorney for Defendant
